ELECTRONICALLY FILED - 2021 Jun 07 10:25 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | CASE NO. 2021-CP- |
| Veronica Townsend, | ) | |
| Plaintiff, | ) | |
| v. | ) | **SUMMONS** |
| Columbia Sussex Corporation, | ) | |
| Defendant. | ) | |

**TO:    DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 205 N. Irby Street, Florence, South Carolina, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**BARTH, BALLENGER & LEWIS, LLP**

By:    *s/Kevin M. Barth*_____
Kevin M. BARTH, SC BAR #559
ATTORNEY FOR PLAINTIFF
POST OFFICE BOX 107
FLORENCE, SOUTH CAROLINA 29503
(843) 662-6301
kbarth@bbllawsc.com

Florence, South Carolina
June 7, 2021

ELECTRONICALLY FILED - 2021 Jun 07 10:25 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | CASE NO. 2021-CP |
| ) | |
| Veronica Townsend, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **(JURY TRIAL DEMANDED)** |
| ) | |
| Columbia Sussex Corporation ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, complaining of the Defendant herein, would respectfully allege and show unto this Honorable Court as follows:

1. That the Plaintiff is a citizen and resident of the County of Florence, State of South Carolina.

2. That, upon information and belief, Defendant is a corporation and/or business entity organized and existing under the laws of one of the States in the United States other than the State of South Carolina and who does business and derives significant income in the County of Richland, State of South Carolina, under the trade name Marriott Hotel. At all times relevant hereto, Defendant was acting by and through its employees, agents and/or servants acting within the course and scope of their employment and under the direct supervision of Defendant.

3. That, upon information and belief, Venue is proper in the County of Richland, State of South Carolina because Defendant conducts business in the County of Richland, State of South Carolina and the events, acts and/or omissions giving rise to the Plaintiff's causes of action occurred in the County of Richland, State of South Carolina. Likewise, that the Plaintiff is informed and believes that jurisdiction is proper in this Court.

ELECTRONICALLY FILED - 2021 Jun 07 10:25 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

4. That on or about August 14, 2018, Plaintiff was taking a shower in her hotel room, at which time she heard a noise above her head. As she turned toward the sound, a flap on the ceiling fell towards her head causing her to jump out of the shower and twisting her back.

5. That as a result of the Plaintiff's having to jump out of the way to avoid the flap hitting her head, she injured her back. Plaintiff immediately reported this incident to the hotel management, at which time a maintenance person was sent to the bathroom to repair the defective and dangerous condition.

6. That the ceiling flap was in such a location and position that it was inconspicuous to the Plaintiff, but dangerous. Apparently, the hotel employee who last worked on that ceiling flap had not properly secured it back to the ceiling, causing it to fall.

7. That while in Defendant's hotel and shower, the Plaintiff at all times exercised due care.

8. That at all times relevant hereto, Defendant acted by and through its agents, employees and/or servants, who were all acting within the course and scope of their employment and agency.

9. That Defendant, by and through its agents, employees and/or servants, either failed to properly secure the ceiling flap to the ceiling, or either knew or in the exercise of reasonable care should have known of the improper securing of that flap and the danger it would cause by falling on a resident of that hotel room.

10. That Defendant either knew or should have known that the insecure ceiling flap would be hazardous to the hotel's patrons, including the Plaintiff herein.

11. That the injuries and damages suffered by the Plaintiff as described herein were the direct, foreseeable, and proximate result of the negligent, careless, willful, wanton, reckless and grossly negligent acts and/or omissions of Defendant, acting by and through its employees,

ELECTRONICALLY FILED - 2021 Jun 07 10:25 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

agents, or servants, who breached their duty to Plaintiff, in one or more of the following particulars:

    A.    In failing and neglecting to maintain the ceiling and shower in a condition that was safe for invitees, such as the Plaintiff, properly and lawfully within the premises;

    B.    In failing and neglecting to properly secure the ceiling flap after Defendant knew or should have known of its condition and its dangerousness;

    C.    In failing to erect or post warning signs or otherwise give notice to the Plaintiff of the dangerous condition in the hotel shower;

    D.    In failing and neglecting to supervise the work being performed by the Defendant's maintenance crew;

    E.    In failing to discover that the ceiling flap in Plaintiff's bathroom ceiling was not properly secured and was therefore subject to falling at any time;

    F.    In failing to exercise the duty of care to discover dangers/risks and to take safety precautions to warn of or eliminate unreasonable risks and to not create same;

    G.    In failing to exercise that degree of care and caution that a reasonably prudent business owner would have exercised under the circumstances;

    H.    In such other particulars as discovery and the evidence at trial may show.

Any or all of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff.

    12.    That as a direct and proximate cause of the negligence, willfulness, wantonness, recklessness and gross negligence on the part of Defendant, the Plaintiff fell violently to the floor; that the Plaintiff was greatly and severely injured in or about her person, to specifically include, but not limited to, her back; that the Plaintiff was rendered sick, sore, disabled, bruised and shocked thereby and continues so to be; that all of such injuries have caused the Plaintiff extreme and excruciating pain continuously to this date and the Plaintiff will continue to suffer

ELECTRONICALLY FILED - 2021 Jun 07 10:25 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

such pain in the future; that as a direct and proximate result of the negligence as aforementioned, the Plaintiff suffered severe bruises and contusions and great pain and suffering.

13. That as a direct and proximate cause of said negligence, willfulness, wantonness, recklessness and gross negligence on the part of Defendant:

A. The Plaintiff was confined to the care and treatment of skilled practitioners of the healing arts and nurses;

B. The Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future;

C. The Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

D. The Plaintiff was hindered and prevented and, in the future, will be hindered and prevented from transacting and attending to the Plaintiff's necessary and lawful affairs since the date of the injury and lost and was deprived of gains, profits, salaries, pleasures and advantages and earning capacity and ability which the Plaintiff would have otherwise derived and acquired had it not been for the accident;

E. The Plaintiff was in the past, at present and will in the future, be put to great expense for medicine, drugs and medical attention;

F. The Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and will continue to have such expenses in the future and has been permanently impaired as a result of the accident.

14. That as a direct and proximate result of the foregoing acts by Defendant, the Plaintiff has suffered actual damages and is demanding a judgment against the Defendant in a sum sufficient to compensate her for those damages.

15. That the Plaintiff is informed and believes that she is also entitled to an award of punitive damages as a result of Defendant's gross negligence, and willful and reckless conduct.

**WHEREFORE**, the Plaintiff respectfully prays for judgment against Defendant for an award of actual damages in an amount sufficient to compensate the Plaintiff for the actual

damages sustained, plus an award of punitive damages in an appropriate sum and for the costs of this action.

                                                **BARTH, BALLENGER & LEWIS, LLP**

By:   *s/Kevin M. Barth*
        KEVIN M. BARTH, SC BAR #559
        ATTORNEY FOR PLAINTIFF
        POST OFFICE BOX 107
        FLORENCE, SOUTH CAROLINA 29503
        (843) 662-6301
        kbarth@bbllawsc.com

Florence, South Carolina

June 7, 2021

ELECTRONICALLY FILED - 2021 Jun 07 10:25 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

ELECTRONICALLY FILED - 2021 Jul 07 1:41 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | CASE NO. 21-CP-40-2762 |
| Veronica Townsend | ) | |
| Plaintiff, | ) | |
| v. | ) | **PROOF OF SERVICE** |
| Columbia Sussex Corporation, | ) | |
| Defendant. | ) | |

I hereby certify that the Summons and Complaint regarding the above captioned matter was placed in the United States Mail, with proper postage affixed thereto, Certified Mail, Return Receipt, on the 8th day of June, 2021; that the Summons and Complaint was received by the registered agent for the Defendant on June 14, 2021 as appears by the "Return Receipt" attached hereto and incorporated herein by reference.

*s/Kevin M. Barth*
KEVIN M. BARTH
ATTORNEY FOR PLAINTIFF
POST OFFICE BOX 107
FLORENCE, SOUTH CAROLINA 29503
(843) 662-6301

Florence, South Carolina

July 7, 2021

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Corporation Service Company
   508 Meeting St.
   W. Columbia, SC 29169

   9590 9402 5029 9063 1511 84

2. Article Number (Transfer from service label)

   7016 2710 0000 2225 5666

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]     ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
   Trey Williams                  6/14/21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☑ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

ELECTRONICALLY FILED - 2021 Jul 07 1:41 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002762